IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER THAYNE,<br><br>　　Plaintiff,<br><br>vs.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORPORATION, BAC HOME LOAN SERVICING LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., PAUL M. HALLIDAY, JR. as Trustee, and DOES 1-5,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 1:09-CV-141 TS |

This matter is before the Court on Defendants BAC Home Loan Servicing, LP, ("BAC") and Mortgage Electronic Registrations Systems, Inc.'s ("MERS") Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV. P. 12(b)(6). For the reasons set forth below, the Court will grant the Motion and dismiss the Complaint with prejudice as against the moving Defendants.

1

I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[6]

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547(2007).

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Twombly*, 550 U.S. at 547.

the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[7]

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[8] In *Iqbal*, the Court reiterated that while FED.R.CIV.P. 8 does not require detailed factual allegations, it nonetheless requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[10] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

---

[7] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[8] 129 S.Ct. 1937 (2009).

[9] *Id*. at 1949.

[10] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[11] *Id*. (quoting *Twombly*, 550 U.S. at 557).

3

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[12]

## II. FACTUAL BACKGROUND

Plaintiff's Amended Complaint alleges that, on or about March 28, 2008, Plaintiff Christopher Thayne borrowed $216,956.00 from Taylor Bean and Whittaker Mortgage Corporation, secured by property located in Clearfield, Utah.[13] In conjunction with this transaction, Plaintiff executed a deed of trust which was recorded on April 2, 2008 ("Deed of Trust").[14] The Deed of Trust designates Defendant MERS as the beneficiary to act as "nominee for Lender and Lender's successors and assigns."[15] In defining MERS authority under the Deed of Trust, the Deed provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.[16]

---

[12] *Id.* at 1949-50 (internal quotation marks and citations omitted).

[13] Docket No. 2, at ¶ 1-2.

[14] *Id.* at ¶ 1; *see also* Docket No. 11, Ex. A.

[15] Docket No. 2, at ¶ 3; Docket No. 11, Ex. A, at p. 1.

[16] Docket No. 11, Ex. A, at p. 2.

Sometime in 2009, Plaintiff defaulted on the loan by failing to make payments as required by the loan.[17] Following Plaintiff's default, MERS initiated foreclosure proceedings and scheduled the property to be sold at public auction on October 26, 2009.[18]

On September 10, 2009, Plaintiff's prior counsel allegedly submitted a request for loan documentation from Defendant BAC, seeking production of all documents relating to the origination of the loan, the history of all payments on the loan, the current balance of the loan and the escrow account, and the current interest rate on the mortgage account.[19]

On October 22, 2009, four days before the public auction of the property was to take place, Plaintiff filed this suit in federal court, seeking both monetary and declaratory relief. On December 12, 2009, Defendants moved this Court to dismiss the Complaint for failure to state a claim.

### III. DISCUSSION

#### A. VIOLATION OF RESPA

In the first claim for relief, Plaintiff asserts BAC violated the Real Estate Settlement Procedures Act ("RESPA")[20] by failing to respond to a Qualified Written Request ("QWR"), entitling Plaintiff to damages and attorneys fees.[21] Defendants contend that the letters do not

---

[17] Docket No. 2, at ¶ 25.

[18] *Id.* at 11.

[19] Docket No. 17, Ex. A.

[20] 12 U.S.C. § 2605

[21] Docket No. 2, at ¶ 19-21.

meet the standards of a QWR. Defendants further argue that Plaintiff's RESPA claim fails because Plaintiff has not demonstrated a causal link between any damages and the alleged RESPA violation.

RESPA provides that:

[A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–

(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.[22]

A QWR relates only to the "servicing" of the loan, which is defined as requests relating to the "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."[23] If the lender fails to comply with a QWR, the borrower is entitled to "any actual damages to the borrower as a result of the failure; and . . . any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."[24]

---

[22] *Id*. § 2605(e)(1)(B).

[23] *Id*. § 2605(i)(3).

[24] *Id*. § 2605(f)(1).

The Court need not determine whether the letters from Plaintiff's former counsel meet the requirements of a QWR because he has not alleged damages. RESPA requires borrowers to show actual damages as a result of a failure to comply with its provisions and allows the court to provide the borrower with additional damages in the case of a pattern or practice of noncompliance.[25] Plaintiff has not alleged any actual damage resulting from the failure to respond or delay in responding to the QWR.[26] Therefore, this claim fails.

B.   MERS'S AUTHORITY TO FORECLOSE

Plaintiff's second claim for relief challenges MERS authority to foreclose the Trust Deed on the property. As set forth above, the Deed of Trust states:

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.[27]

This Court, per Judge Kimball, interpreting an identical provision, has found that MERS had the authority to initiate foreclosure proceedings, appoint a trustee, and to foreclose

---

[25] *Id*; *see also Key v. Fifth Third Bank*, No. 2:06-CV-602 CW, 2009 WL 735048, *11 (D. Utah Mar. 18, 2009).

[26] In Plaintiff's response to the motion to dismiss, Plaintiff alleges for the first time that "Defendant's delay [in responding] caused injury to Plaintiff via this litigation, emotional distress, any improper fees that may, or may not, have been assessed by BAC, and the anticipated foreclosure of the property at issue—whereby Plaintiff would be liable for a deficiency judgment." Docket No. 17, at 9. Even if the Complaint had included these conclusory allegations, however, the Complaint would still fail.

[27] Docket No. 19, Ex. B, at 3.

and sell the property.[28] Thus, for the same reasons set out in *Burnett*, MERS had the authority to foreclose the Deed of Trust.

C.     REQUEST FOR DECLARATORY JUDGMENT

Plaintiff lastly asks the Court for declaratory relief under 28 U.S.C. § 2201. Implicit in any request for declaratory relief is that there exists a justiciable controversy. "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character from one that is academic or moot. The controversy must be definite and concrete, touching legal relations of parties having adverse legal interests."[29] By contrast, Plaintiff's request for declaratory relief merely provides a list of federal and state laws and asks the Court to determine which, if any, were violated.[30] Plaintiff makes no attempt to demonstrate which of these laws were violated, how Plaintiff was damaged, or how a declaratory judgment would remedy a concrete legal interest. Merely providing the Court with a list of laws and requesting the Court to determine how, if at all, those laws were violated is insufficient to survive a motion to dismiss.

D.     DISMISSAL WITH PREJUDICE

Defendants request the Court dismiss Plaintiff's Complaint with prejudice. In Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff requests leave of the Court to

---

[28] *Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-CV-69 DAK, 2009 WL 3582294, *4 (D. Utah Oct. 27, 2009).

[29] *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (internal citations omitted).

[30] Docket No. 2, at ¶¶ 29-38.

amend his Complaint. In connection with this request, Plaintiff filed his First Amended Complaint as an Exhibit to his response.[31]

Dismissal under FED.R.CIV.P. 12(b)(6) "fully disposes of the case, and it must therefore be with prejudice."[32] Because dismissal under 12(b)(6) fully disposes of the case, "[a]s a general matter, a party should be granted an opportunity to amend his claims prior to dismissal with prejudice."[33] Courts may depart from this general rule, however, when the amendment would be futile.[34] A proposed amendment is futile if the complaint, as amended, would nonetheless be subject to dismissal.[35]

The Court has reviewed Plaintiff's First Amended Complaint and finds that Plaintiff has failed to cure the deficiencies in his claims. Accordingly, the Court finds it appropriate to dismiss Plaintiff's Complaint with prejudice and denies Plaintiff's request to amend.[36]

---

[31] Docket No. 17, at Ex. D.

[32] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 (10th Cir. 2001).

[33] *Id.* at 1207 n.5.

[34] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[35] *Id.*

[36] *Sheldon*, 269 F.3d at 1207 and n.5 (10th Cir. 2001) (affirming dismissal with prejudice under Rule 12(b)(6) where order fully disposed of case and none of the plaintiff's previous amendments to pleadings had cured deficiencies in his claims).

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 10) pursuant to FED. R. CIV. P. 12(b)(6) is GRANTED and the Complaint is Dismissed with prejudice as against Defendants BAC Home Loan Servicing, LP and Mortgage Electronic Registration Systems, Inc.. The November 19, 2010 hearing for oral argument on this Motion is STRICKEN.

DATED   September 9, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge